Doerfer, J.
This action arises out of water infestation at the basement & warehouse space leased by the plaintiff, The Bugatti, Inc. (“Bugatti”), which caused extensive damage to the Bugatti’s inventory of leather goods. Bugatti brought this action against the defendant, Provident Washington Insurance Company (“Provident”), alleging that Provident’s denial of Bugatti’s request for payment for its losses allegedly suffered as a result of the flooding was an unfair and deceptive act in violation of G.L.c. 93A and G.L.c. 176D. Provident has now moved for summary judgment on the ground that there is no evidence of liabilily on the part of Provident’s insured, Eabo Corporation (“Eabo”), and therefore, Provident’s denial of Bugatti’s claim was not in violation of G.L.c. 93A or G.L.c. 176D. Provident has also moved for summary judgment on the Boston Water and Sewer Commission’s (“BWSC”) cross claim against it for contribution and indemnity on the grounds that Provident is not liable to Bugatti in this action. For the reasons which follow, both of the defendant’s motions for summary judgment are allowed.
BACKGROUND
For the purposes of this motion, the following facts are undisputed:
Bugatti rented commercial space at 100 Condor Street in East Boston, Massachusetts (“the Premises”), from Eabo. On July 16, 1990, Eabo and defendant, Timothy O’Connor (“O’Connor”) entered into a contract for O’Connor to waterproof and to repair the building’s foundations and to replace the windows. The work was completed in November of 1990. On March 12, 1991, a leakage problem developed in the basement of the Premises. Eabo asked O’Connor to fix the problem and O’Connor stated that he would stop by the Premises at some point.
Before O’Connor could follow up on Eabo’s March 12, 1991 request, water flooded the basement warehouse space on April 21, 1991. In response to the water leakage, Eabo wrote a letter, dated May 1, 1991, *693 to O’Connor claiming that he was responsible for the water leakage.
On May 2, 1991, Provident received notice of the Bugatti’s claim against it. The claim was assigned to an in-house claims adjuster and an outside independent claims adjuster. On June 3, 1991, Provident undertook an inspection of the Premises. Based on that inspection, the knowledge that there had been no leakage problems prior to O’Connor’s work, and a review of the correspondence between Eabo and O’Connor, Provident concluded that the water leakage was not due to any fault on the part of Eabo. Rather, Provident concluded that the water leakage was due to negligent repairs and renovations performed by O’Connor.
On June 13, 1991, Provident denied the Bugatti’s claim on the basis that there was no liability on the part of its insured, Eabo. Bugatti did not dispute this denial and Provident closed its file in August of 1991.
After receipt of Provident’s denial, a claim was made upon O’Connor’s insurer, American States.[1] As part of its investigation, American States’ adjuster and a representative from the engineering firm of Bessom & Tilton met with Bugatti’s adjuster at the property. At one of those meetings, Bugatti’s adjuster told American States that an engineer had concluded that O’Connor was wholly responsible for the loss.
Bessom & Tilton issued a report on October 22, 1991, concluding that the leakage was not the fault of O’Connor or of Eabo, but was instead due to groundwater penetration and to construction-related defects in the public sidewalk caused by work performed by Boston Gas Company, Boston Water and Sewer Commission, and/or the Massachusetts Water Resources Authority. On December 18,1991, Bugatti sent a letter to Bessom & Tilton disputing its conclusion that O’Connor was not at fault.
On March 9, 1994, Bugatti sent a G.L.c. 93A demand letter to Provident demanding $100,000 for the loss. The letter did not set forth any reasons why Eabo was liable for the water leakage. On April 5, 1994, Provident responded by letter which advised Bugatti that its denial was based on a report prepared by an outside independent adjuster, that Provident was not aware of any facts which showed liability on the part of Eabo, and that Bugatti had never provided Provident with any facts to contradict its statement that Eabo was not liable. Provident stated that it would reopen its claim file if Bugatti forwarded documentation and an update on what had happened -with respect to the claim since Provident’s denial. Instead, Bugatti filed the instant action on April 25, 1994.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17(1989).
I.
G.L.c. 176D, §3 prohibits certain unfair acts or practices in the business of insurance.[2] “G.L.c. 93A provides a civil cause of action to persons injured as a result of unfair act or practice, including those prohibited under G.L.c. 176D, §3.” Whyte v. Connecticut Mut. Life Ins. Co., 818 F.2d 1005, 1011 (1st Cir. 1987). In Hartford Casualty Insurance Co. v. New Hampshire Insurance Co., 417 Mass. 115 (1994), the Supreme Judicial Court addressed the duty owed by an insurer with respect to the settlement of a third-party claim in the context of G.L.c. 93A and G.L.c. 176D. Id. at 121. The court explained that the negligence standard by which the actions of an insurer concerning settlement should be tested is not significantly different from the good faith test that has been evolving in the Commonwealth. Id. The test is “whether no reasonable insurer would have refused the settlement offer or would have refused to respond to the offer.” Id. (emphasis added).
The policy issued by Provident to Eabo is a liability policy. Under the policy, Provident is only required to indemnify Eabo for third-party claims for property damage caused by an occurrence for which Eabo is legally liable.
From the record before the court, it is clear that, since the filing of its claim, Bugatti has never presented Provident with any evidence which suggests that Eabo is liable for its injuries.[3] In fact, the complaint in the present action contains no allegation that Eabo bears any liability for Bugatti’s injuries. Rather, the allegations of the complaint indicate that the only parties responsible for the water leakage are O’Connor, Conproco, City of Boston, Boston Gas, the MWRA and the BWSC. Accordingly, since there is no evidence to suggest that Provident’s insured, Eabo, is liable for Bugatti’s injuries, the court concludes as a matter of law that Provident did not engage in deceptive practices by denying Bugatti’s claim for coverage under Eabo’s liability policy.
Moreover, even though Bugatti did not allege that Eabo was liable in its notice of claim, Provident promptly sent two claims adjusters to the Premises. The adjusters opined that the damage was caused by negligent renovations and repairs by O’Connor’s company. As a matter of law, no reasonable insurer would pay a liability claim in the absence of any evidence showing liability on the part of the insured. See Boston Symphony Orchestra, Inc. v. Commercial Union Ins. *694 Co., 406 Mass. 7, 14 (1989). (An insurer does not violate G.L.c. 176D when, at no time, is liability “reasonably clear.”) Thus, from the uncontested facts presented, a reasonable fact finder could only find that a reasonable insurer would have refused to settle this claim. Accordingly, Provident is entitled to summary judgment on the Bugatti’s claims for violation of G.L.c. 176D and G.L.c. 93A.
II.
Provident has also moved for summary judgment on the BWSC’s cross claim against it for contribution and indemnity. To maintain an action for contribution, there must be joint liability in tort for the same injury. G.L.c. 23IB, §1. Because the court has concluded that Provident has not committed any violation of G.L.c. 93A or G.L.c. 176D, there is no evidence of negligence or fault on the part of Provident to support BWSC’s cross claim. Accordingly, Provident is entitled to summary judgment on BWSC’s cross claim.
ORDER
For the foregoing reasons, the defendant Provident Washington Insurance Company’s Motion for Summary Judgment on the complaint is ALLOWED. The defendant .Provident Washington Insurance Company’s Motion for Summary Judgment on defendant Boston Water and Sewer Commission’s cross claim is ALLOWED.

 American States is the predecessor in interest to Covenant Insurance Company.

Specifically, G.L.c. 176D §3(9) describes unfair claim settlement practices as: “... (d) refusing to pay claims without conducting a reasonable investigation based upon all available information ...(f) failing to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear . . .” G.L.c. 176D, §3(9).

The court notes that Bugatti has attempted to raise several speculative theories, for the first time, in its opposition as to how Eabo could be liable for the water damage to the Bugatti’s leather inventory.